UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CHRISTOPHER MICHEAL TRIPP,<br><br>Plaintiff,<br><br>vs.<br><br>BOB DOOLEY, Warden, in his individual and official capacity, SIOUX FALLS POLICE DEPARTMENT, in its individual and official capacity, DARIN YOUNG, Warden, in his individual and official capacity, KAREN E. SCHREIER, Judge, in her individual and official capacity, JASON RAVNSBORG, Attorney General, in his individual and official capacity, SANDRA HANSON, Judge in her individual and official capacity, and MATTHEW THELEN, Clerk of Courts, in his individual and official capacity<br><br>Defendants. | 4:21-CV-04027-RAL<br><br><br>1915A SCREENING OPINION AND ORDER FOR DISMISSAL |

Plaintiff Kevin Christopher Micheal Tripp filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Tripp moves for leave to proceed in forma pauperis. Doc. 2. He also moves for a change of venue and to request a different judge. Docs. 4, 5.

I. **Motion to Proceed Without Prepayment of Fees**

Tripp reports average monthly deposits of $29.95 and an average monthly balance of $1.02 in his prisoner trust account. Doc. 3. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " '[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period

1

of time under an installment plan.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Tripp's prisoner trust account, this Court grants Tripp leave to proceed without prepayment of fees and waives the initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). In order to pay his filing fee, Tripp must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Tripp's institution. Tripp remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. Motion to Change Venue

Tripp asks that his case be moved to the District of Minnesota and asserts he will have a "fighting chance to fight my case[] properly." Doc. 5. He claims that because he has been accused and adjudicated for "false charges" by the State of South Dakota, the federal court will show prejudice. Id.

Under 28 U.S.C. § 1404(a) and (b), this Court has the discretion to transfer a civil action when appropriate to do so. Section 1404(a) allows a district court to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404(b) allows the court to transfer a civil action from a division in which the case is pending to another division within the same district. Neither § 1404(a) nor § 1404(b) supports granting Tripp's motion for a change of venue, Tripp is an inmate in South Dakota, and each defendant he names lives and works in South Dakota. This action could not have been properly brought or venued in the District of Minnesota. Moreover, Tripp's arguments about being unable to receive a fair trial or that the federal court will be prejudiced are misguided. The District of South Dakota federal court operates completely independently from the South Dakota state courts, state agencies and the state budget. The District of South Dakota federal court routinely presides over cases involving state actors, and suit involving the actions of the two federal employees must be venued in a federal court. Tripp's motion for change of venue, Doc. 5, is denied.

## III. Motion to Appoint a Judge

When Tripp filed his complaint, it was assigned by the Clerk of Court to the Honorable Karen E. Schreier (Judge Schreier) who is a named defendant. Judge Schreier recused herself and

3

this case was reassigned to the undersigned, Chief Judge Roberto A. Lange. Docs. 7, 8. Tripp had moved for appointment of the Honorable Lawrence L. Piersol, a senior status judge in the District of South Dakota. Doc. 4. Case assignments in the District of South Dakota follow procedures such that a litigant is not allowed to select his/her judge. Tripp's motion to appoint a judge, Doc. 4, likely was seeking to have someone other than Judge Schreier assigned and to that extent is granted. But to the extent that Tripp is seeking assignment of Judge Piersol in particular, the motion is denied.

### IV. Factual Allegations of Tripp's Complaint

In Count I, Tripp alleges that he requested but did not receive documents from the Honorable Sandra Hanson, Jason Ravsnborg, Bob Dooley, and Darin Young. Doc. 1 at 8. The documents he requested include investigation reports, mental health reports, medical reports, transcript records from his state convictions, and more. Id. He claims Hanson, Ravsnborg, Dooley, and Young have denied him his due process rights under the Fourteenth Amendment and Rules 34 and 44 of the Federal Rules of Civil Procedure and have violated the Freedom of Information Act. Id. at 8, 14. He also claims they denied him his right of access to the court. Id.

In Count II, Tripp alleges that Defendants have violated several of his constitutional rights when he was questioned and arrested on December 27, 2010. Id. at 15. He asserts that he is being illegally incarcerated due to the alleged violations. Id. at 15-16. He claims that his state convictions in case numbers 17-8454 and 18-2375 are unlawful and that his counsel was ineffective. Id. at 16, 19. Tripp challenges all three of his state convictions and seeks to have them overturned and vacated. Id. at 20.

In Claim III, Tripp claims that he is a qualified individual with a disability. Id. at 13.[1] He asserts that Judge Schreier violated the Americans with Disabilities Act when she allegedly dismissed his federal lawsuits and "knocked the amount" he was asking for. Id. He claims that Judge Schreier denied him access to counsel and that he was unable to obtain evidence to support his claims in 4:20-cv-04125-KES. Id. at 17. Tripp asserts that the denial of counsel and the denial of the ability to investigate caused his right to access to the courts to be violated. Id.

In Count IV, Tripp claims that Matthew Thelen, the Clerk of Courts for the United States District Court for the District of South Dakota, refused to give him a state habeas corpus packet. Id. at 17. Thelen allegedly told Tripp that he did not have that form. Id. Tripp claims he has been denied access to the courts because of Thelen's alleged denial. Id. Tripp seeks injunctive relief, to be released from prison, and a monetary award of $150 million. Id. at 10-11.

## V. Discussion

### A. Screening and Dismissal Standards

Tripp proceeds pro se, so this Court is obligated under 28 U.S.C. § 1915A to screen the complaint. In doing so, this Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th

---

[1] Tripp's listed disabilities are: A.D.H.D., bi-polar disorder, terrets syndrome, autism, anxiety, depression, adaptive disorder, and intellectual and learning disabilities. Doc. 1 at 13.

Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### B. Tripp's Causes of Action

#### 1. Judicial Immunity

Tripp has named two judges as defendants—Judge Sandra Hanson, a Second Circuit court judge for the state of South Dakota, and Judge Karen Schreier, a district court judge for the United States District Court for the District of South Dakota. Doc. 1. He claims that Judge Hanson did not respond to his requests for documents and that Judge Schreier violated the Americans with Disabilities Act when she refused to appoint him counsel, and allegedly misreported the amount of damages he was asking for in his federal lawsuit. See id.

6

Judges are generally immune from suit if the judge had jurisdiction over the party. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Id. at 357-58 (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1872)).

Judges are immune from suit with two narrow exceptions. See Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012). " 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.' " Id. (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). These exceptions do not apply here. Judge Schreier had jurisdiction over Tripp's lawsuits.[2] Judge Hanson was also acting in her judicial capacity when she allegedly did not respond to his requests for documents. Thus, Tripp's claims

---

[2] Tripp specifically mentions 4:20-CV-04125-KES, which was dismissed for after the Court granted Tripp's motion to withdraw. See Tripp v. Dornbursh et al., 4:20-CV-04125-KES, Docs. 23, 24. Judge Schreier has presided over multiple § 1983 lawsuits filed by Tripp. See Tripp v. Allcock et al., 17-CV-04076-KES, Docs. 36, 37 (granting Defendants' motion for summary judgment); Tripp v. Cook et al., 18-CV-04065-KES, Docs. 7,8 (dismissing for Tripp's failure to pay an initial partial filing fee); Tripp v. Cook et al., 19-CV-04100-KES, Docs. 7, 8 (granting Tripp's motion to voluntarily dismiss); Tripp v. U.S. Federal Gov. et al., 19-CV-04143-KES, Docs. 10, 11 (dismissing for failure to state a claim after a 28 U.S.C. § 1915A screening); Tripp v. U.S. Federal Gov. et al., 19-CV-04199-KES, Docs. 5-7 (granting Tripp's notice of dismissal); Tripp v. Cook et al., 20-CV-04021-KES, Doc. 34 (granting Tripp's motion to dismiss); Tripp v. Augustine et al., 20-CV-04116- KES, Docs. 4, 5 (granting Tripp's motion to dismiss); Tripp v. Young et al., 20-CV-04195-KES, Docs. 6, 7 (dismissing the complaint for Tripp's failure to comply with a court order to file a certified prisoner trust account report).

against Judge Schreier and Judge Hanson are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).[3]

### 2. Claims against the Sioux Falls Police Department

Tripp names the Sioux Falls Police Department as a defendant. Doc. 1. Claims against the Sioux Falls Police Department are the equivalent of a lawsuit against the City of Sioux Falls. See Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978). Tripp does not allege that the City of Sioux Falls has unconstitutional policies or customs that caused his alleged deprivation of a constitutional right; thus, his claims against Sioux Falls Police Department are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 3. Official Capacity Claims

#### a. Employees of the State of South Dakota

Tripp sues Darin Young and Bob Dooley in their official capacities and notes that these individuals work for the South Dakota Department of Corrections. Doc. 1 at 2, 4, 6. He also sues Jason Ravnsborg, the Attorney General for the State of South Dakota, in his official capacity. Id.

---

[3] Tripp sues Matthew Thelen, a federal Clerk of Court. Doc. 1 at 3. "[C]lerks of court are entitled to immunity the same as judges." Davis v. McAteer, 431 F.2d 81, 82 (8th Cir. 1970). "Clerks of court 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction.' " Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988) (quoting Tarter v. Hury, 646 F.3d 1010, 1013 (5th Cir. 1981)). Here, Tripp claims that Matthew Thelen refused to give him a state petition for writ of habeas corpus. Doc. 1 at 17. This Court does not rule on whether Matthew Thelen is entitled to judicial immunity for his alleged acts. Rather, Tripp's claim against Thelen will be screened under § 1915A.

at 4, 6. As the Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. See Pearson v. Callahan, 555 U.S. 223, 242-43 (2009). Here, Tripp seeks $150 million. Doc. 1 at 11. Tripp has effectively asserted a claim for money damages against the State of South Dakota. The State of South Dakota has not waived its sovereign immunity. Thus, Tripp cannot sue Dooley, Young, and Ravnsborg in their official capacities for money damages because they protected by sovereign immunity. Tripp's claims against Dooley, Young, and Ravnsborg in their official capacities are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

### b. Federal Official

Tripp sues Matthew Thelen in his official capacity as the Clerk of Court for the United States District Court for the District of South Dakota. A suit against federal officials in their official capacities is treated as a suit against the United States. See Buford v. Runvon, 160 F.3d 1199, 1203 (8th Cir. 1998) (treating a lawsuit against the Postmaster General in his official capacity as a lawsuit against the United States). Even if Tripp could maintain a Bivens action against Thelen in his individual capacity, which this Court discusses below, sovereign immunity

still bars claims against the United States and its federal officials in their official capacities. Id. ("It is well settled that a Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity."); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982) ("Bivens and its progeny do not waive sovereign immunity for actions against the United States"). Therefore, Tripp's claim against Thelen in his official capacity is dismissed.

### 4. Individual Capacity Claims

#### a. Access to the Courts

In Count I, Tripp alleges that he requested documents from Dooley, Ravsnborg, and Young. Doc. 1 at 8.[4] He also asked for an evidentiary hearing on his underlying criminal cases. Id. His requests were allegedly not responded to and Tripp asserts this was a violation of First Amendment right to access to the courts. Id.

"The Constitution guarantees prisoners a right to access the courts." White v. Kautzky, 494 F.3d 677, 679 (8th Cir. 2007). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. Lewis v. Casey, 518 U.S. 343, 347 (1996). In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis, 518 U.S. at 353). Here, Tripp's assertions that Dooley, Young, and Ravsnborg did not respond to his request for documents does not show that a non-frivolous legal claim has been impeded or frustrated. Thus, his First Amendment access to the courts claim against Dooley, Young, and Ravnsborg is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

---

[4] Tripp claims that he asked for his investigation reports, mental health reports, medical reports, police reports, court transcripts, indictment records, victim statements, pre-trial investigation reports, and pre-sentencing records. Doc. 1 at 8.

10

In Count IV, Tripp claims that Matthew Thelen, the Clerk of Courts for the Federal Court, refused to give him a state petition for a writ of habeas corpus packet. Because Tripp sues Thelen in his individual capacity and claims that Thelen, a federal employee, violated his First Amendment right, Tripp has essentially alleged a claim under Bivens v. Six Unknown Federal Narcotics, 403 U.S. 388 (1971). "A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford, 160 F.3d at 1203, n.6. For the reasons explained below, Tripp does not have viable Bivens claims against Thelen.

"The purpose of Bivens is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). But a Bivens remedy is not available for all constitutional violations and expanding the implied cause of action under Bivens is "a disfavored judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017) (citing Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009)). The United States Supreme Court has "never held that Bivens extends to First Amendment claims." Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012). The Eighth Circuit Court of Appeals has left "for another day the important question whether Bivens provides a remedy for First Amendment claims[.]" Gonzalez v. Bendt, 971 F.3d 742, 745 (8th Cir. 2020). This court will analyze Tripp's First Amendment claim against Thelen under 42 U.S.C. § 1983, like the Eighth Circuit did in Gonzalez. Id. An analysis of whether Bivens provides a remedy will only be considered if Tripp's alleged facts amount to a First Amendment violation.

Thelen allegedly told Tripp he did not have a form to file a state habeas case. Id. Tripp claims he has been denied access to the courts because of Thelen's alleged denial to give Tripp a packet to file a state petition for writ of habeas corpus. Id. Tripp has filed five federal petitions for

11

writ of habeas corpus.[5] His state petition for writ of habeas corpus (Civ 19-1413) was dismissed on October 29, 2020, by Judge Sandra Hanson, because his claims did not meet the minimum plausibility standard under Jenner v. Dooley, 590 N.W.2d 463, 469 (S.D. 1999). Tripp was represented by counsel on his state petition.

Now, Tripp claims a *federal* clerk of court has not given him a packet so he can file a *state* petition for writ of habeas corpus. Because Tripp has filed multiple federal petitions and a state petition, Thelen's alleged action could not have impeded a non-frivolous legal claim and Tripp's First Amendment access to the courts claim against Thelen is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### b. Fourteenth Amendment Due Process Clause Claims

Tripp claims that Dooley, Ravsnborg, and Young deprived him of his property when they did not send him the documents he was requesting. Doc. 1 at 8. It is well established that if there is an adequate state postdeprivation remedy, then there is no due process violation for even the intentional deprivation of a prisoner's property. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Setting aside the incongruity of Tripp's claim of alleged deprivation of property he claims he never obtained, SDCL § 21-3-3 provides an adequate postdeprivation remedy. This statute provides a cause of action for wrongful conversion of personal property. See SDCL § 21-3-3. Section 21-3-3 provides a description of the damages available for conversion, but the tort of

---

[5] His first petition was dismissed without prejudice on his own motion so he could exhaust his state court remedies. See Tripp v. Dooley, 4:19-CV-04079-LLP, Docs. 21, 22. Tripp's second and third petitions were dismissed without prejudice for failure to exhaust. See Tripp v. Warden of S.D. State Penitentiary, 4:19-CV-04120-LLP, Docs. 20, 22, 23; Tripp v. Dooley, 4:19-CV-04162-LLP, Docs. 6, 8, 9. Tripp's fourth was dismissed without prejudice on Tripp's own motion to withdraw. See Tripp v. Dooley, 4:20-CV-04095-LLP, Docs. 13, 14, 15. His fifth petition was dismissed because he did no present evidence that his state petition for writ of habeas corpus had been adjudicated at the highest state level. Tripp v. Dooley, 4:20-CV-04177-LLP, Docs. 5, 6.

conversion is a common law tort not defined in the statute. Rensch v. Riddle's Diamonds of Rapid City, Inc., 393 N.W.2d 269, 271 (S.D. 1986). "Conversion is the unauthorized exercise of control or dominion over personal property in a way that repudiates an owner's right in the property or in a manner inconsistent with such right." Chem-Age Indus., Inc. v. Glover, 652 N.W.2d 756, 766 (S.D. 2002). The common law and SDCL § 21-3-3 provide Tripp with an adequate postdeprivation remedy for any alleged conversion of his property. Thus, there is no due process violation. Hudson, 468 U.S. at 535. Tripp's due process claim against Dooley, Young, and Ravnsborg is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and he is free to address the alleged deprivation in state court under state statutes.

### c. Claims Barred by Heck and the Statute of Limitations

Tripp alleges that defendants have violated multiple rights when he was questioned and arrested by the police on December 27, 2010. Doc. 1 at 15. He asserts that he is being illegally incarcerated due to the alleged violation. Id. at 15-16. A complaint may be dismissed on the court's own motion as frivolous under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run. Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). While § 1983 does not contain a specific statute of limitations, the Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under § 1983. Wilson v. Garcia, 471 U.S. 261, 266-68 (1985). South Dakota adopted a specific statute that provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or be barred. Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996) (referencing SDCL § 15-2-15.2). Thus, any constitutional claims related to Tripp's encounter with the police in 2010 are barred by the statute of limitations and must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Next, Tripp asserts that his state convictions, case numbers 17-8454 and 18-2375, are unlawful and that he was represented by ineffective counsel. Id. at 16, 19. Tripp asserts he is challenging all three of his state convictions and seeks to have them overturned and vacated. Id. at 20. Under Heck, "in order to recover damages for [an] allegedly unconstitutional conviction or . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must show that the "conviction or sentence [was] reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey. 512 U.S. 477, 486-87, 489 (1994). Tripp has not claimed that his convictions have been reversed, expunged, declared invalid or impugned by the granting of a writ. Thus, Tripp's unlawful incarceration claims for his underlying convictions are barred by Heck and dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### d. Freedom of Information Act (FOIA)

Tripp claims that Dooley, Ravsnborg, and Young's alleged denial of documents is a violation of the FOIA. Doc. 1 at 8. The FOIA requires federal agencies to maintain and produce public records. See 5 U.S.C. §§ 551-559. "The Freedom of Information Act applies only to federal agencies, and 'has no application to state governments.'" Abbott v. Trog, 2010 U.S. Dist. LEXIS at *24 (E.D. Mo. January 14, 2010) (citing Davidson v. Georgia, 622 F.2d 895, 897 (5th Cir. 1980)). Defendants Dooley, Ravsnborg, and Young, are not federal agencies or representatives for federal agencies, thus the FOIA does not apply to them.[6]

---

[6] Tripp claims that Dooley, Young, and Ravsnborg are violating Federal Rules of Civil Procedure 34 and 44. Doc. 1 at 8, 14. The Federal Rules of Civil Procedure do not create a private right of action to sue, but are rules that govern the civil actions in federal court. See Fed. R. Civ. P. 1.

14

## VI. Strike

Tripp's complaint fails to state a claim upon which relief may be granted. Tripp's complaint is dismissed without prejudice and judgment will be entered in favor of the defendants. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This order is Tripp's third recorded strike. See Tripp v. U.S. Government et al., 4:19-CV-04143-KES, Docs. 10, 11; Tripp v. Cook et al., 4:19-CV-04142-KES, Docs. 10, 11. For Tripp to file another lawsuit in federal court, he must pay the full filing fee of $402 or allege facts that support he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## VII. Order

Accordingly, it is

ORDERED that Tripp's motion for leave to proceed in forma pauperis, Doc. 2, is granted, but that withholding take place from the prisoner trust account for payment of the filing fee consistent with this decision. If is further

ORDERED that Tripp's motions to appoint a judge and to change venue, Docs. 4, 5, are denied. It is further

ORDERED that Tripp's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that this action constitutes a strike against Tripp for purposes of the three-strike rule under 28 U.S.C. § 1915(g). This is Tripp's third recorded strike. It is finally

15

ORDERED that Tripp's ex parte motion for appointment of counsel, Doc. 9, is denied as moot.

DATED March 24th, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE